```
IN THE UNITED STATES DISTRICT COURT

    FOR THE DISTRICT OF HAWAII

ALEXA NITA RUSSELL,          )  CIVIL NO. 11-00277 DAE-KSC
                             )
     Plaintiff,              )  FINDINGS AND
                             )  RECOMMENDATION TO DENY
     vs.                     )  PLAINTIFF'S MOTION TO
                             )  REMAND TO STATE COURT
                             )
BAC HOME LOANS SERVICING,    )
LP; JOHN AND MARY DOES 100,  )
                             )
     Defendants.             )
_____ )
```

## FINDINGS AND RECOMMENDATION TO DENY
## PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Before the Court is Plaintiff Alexa Russell's ("Plaintiff") Motion to Remand to State Court ("Motion"),[1] filed May 18, 2011. On June 1, 2011, Defendant BAC Home Loans Servicing, LP ("Defendant") filed its Opposition. Plaintiff filed a Reply on June 13, 2011.

---

[1] Plaintiff did not file a formal motion to remand, but instead requested remand in her opposition to Defendant's motion to dismiss. See Plaintiff *Pro Se* Alexa Nita Russell's Motion in Opposition to Defendant BAC Home Loans Servicing LP's, a Texas Limited Partnership ["BAC"] Motion to Dismiss Complaint Filed 05/11/2011 (Doc. No. 20). The Court construed the request as a Motion to Remand to State Court. Doc. No. 20.

This matter came on for hearing on August 9, 2011. Plaintiff appeared pro se by phone[2] and Andrew Lautenbach, Esq., appeared on behalf of Defendant. After careful consideration of the Motion, the supporting and opposing memoranda, the arguments presented at the hearing, and the applicable law, the Court HEREBY FINDS AND RECOMMENDS that the district court DENY the Motion for the reasons set forth below.

BACKGROUND

On March 28, 2011, Plaintiff commenced the instant action in the Third Circuit Court, State of Hawaii. BAC c/o Bank of America, RCO Legal Hawaii, LLLC, BAC/Bank of America, and BAC c/o The Corporation Company purportedly received copies of the Complaint and Summons on April 4, 2011, March 29, 2011, April 15,

---

[2] Plaintiff did not request permission to appear by phone. Judge Puglisi's Order allowing Plaintiff to attend pretrial conferences and hearings by telephone (Doc. No. 26) does not apply to this Court. If Plaintiff wishes to appear by phone for pretrial conferences and hearings, she must submit a formal request in advance of each hearing/conference date. The Court will consider the requests on a case-by-case basis.

2011, and April 13, 2011, respectively. Notice, Ex. 2 at 1-2.

On April 26, 2011, Defendant filed its Notice of Removal ("Notice") in this Court. That same day, Plaintiff filed a request for entry of default in state court. According to Plaintiff, the state Clerk of Court did not sign the entry of default.[3]

## DISCUSSION

Defendant removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1446, alleging that this Court has subject matter jurisdiction pursuant to §§ 1331 and 1367. Plaintiff seeks remand on the following grounds: 1) Defendant's Notice was untimely; 2) Defendant did not attach all required documents to its Notice; and 3) this Court lacks jurisdiction.

I. Defendant had a Basis for Removing the Action from State Court

Plaintiff argues that this Court lacks jurisdiction because she has not presented any federal

---

[3] The State court docket contains Plaintiff's request but no separate entry of default. Def.'s Opp'n, Ex. B.

3

questions and she believes that given the absence of federal questions, diversity jurisdiction does not exist.  Defendant asserts that both federal question and diversity jurisdiction exist.  Section 1441 of Title 28 of the U.S. Code provides, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a), (b).  "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th

Cir. 2009) (citation and quotation omitted). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." Id.

Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

In the present case, Defendant properly removed this action from state court because Plaintiff's Complaint seeks relief under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), both of which are federal statutes.[4] This

---

[4] "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face

5

Court would have had original jurisdiction over said claims. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Plaintiff insists that she has presented no federal questions, but her Complaint expressly states otherwise. On the first page of the Complaint, Plaintiff states that the "complaint is made pursuant to . . . the Fair Debt Collection Practices Act, [FDCPA] and the Fair Credit Reporting Act, [FCRA]." Compl. at 1. Plaintiff also states that "[t]he alleged security instrument BAC claims as debt owed, EXHIBIT III is to be hereby cancelled, immediately, for non compliance with State of Hawai'i UCC [H.R.S. §667-21 to 42] FDCPA and FCRA." Id. at 3. Accordingly, federal question jurisdiction exits and there is no basis to remand the FDCPA and FCRA claims to state court.

Neither is there a basis to decline to exercise

---

of the plaintiff's properly pleaded complaint." Sacramento Metropolitan Air Quality Mgmt. Dist. v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

supplemental jurisdiction.  Insofar as Plaintiff's state law claims are part of the same controversy, this Court has supplemental jurisdiction over them.  See id. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Moreover, none of the factors set forth in § 1367(c)[5] apply.  The state

---

[5]  Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there

law claims are neither novel nor complex, they do not substantially predominate over the FCRA and FDCPA claims, the Court has not dismissed the FCRA and FDCPA claims, and there are no "compelling" reasons justifying the declination of supplemental jurisdiction. Even if the state law claims were litigated in state court, the FCRA and FDCPA claims would remain in federal court. Thus, remanding the state law claims would result in duplicative litigation, would tax judicial resources, would significantly increase litigation costs, and may lead to inconsistent results. For these reasons, the Court finds it appropriate to exercise supplemental jurisdiction over Plaintiff's state law claims and recommends that the action proceed, in its entirety, in this Court.[6]

---

are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

[6] Because the Court has determined that federal question jurisdiction exists, it need not determine whether diversity jurisdiction exists. In any event,

II. <u>Defendant Timely Filed its Notice of Removal</u>

Plaintiff argues that Defendant untimely removed this action in order to avoid default in state court. Section 1446(b) governs the timing of removal and provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The 30-day removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of

---

Defendant did not remove this action on the basis of diversity jurisdiction and the current record before the Court precludes such a determination, as the parties have not identified their respective *citizenships*. <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.").

the summons, but not by mere receipt of the complaint unattended by any formal service." Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691, 635 F.3d 1128, 1132 (9th Cir. 2011) (quoting Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999)) (quotations omitted).  As such, "actual notice of the action is insufficient; rather, the defendant must be 'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run."  Id. at 1133 (quoting Murphy Bros., 526 U.S. at 347).

Plaintiff submits that she served Defendant's previous counsel on March 29, 2011, while Defendant argues that Plaintiff mailed a copy of the Complaint to former counsel on April 12, 2011.  Plaintiff's Return and Proof of Service, filed in state court, appears to demonstrate that Defendant's former counsel received a copy of the Complaint and Summons via U.S. Postal Service on March 29, 2011.[7]  Notice, Ex. 2.  Although

---

[7] The Court does not express an opinion about whether service was proper.

the parties clearly dispute the date on which Defendant received the Complaint, Defendant timely filed the Notice regardless of what date of receipt is applied as the trigger date. Even if the Court used March 28, 2011 (the day Plaintiff filed her Complaint) as the trigger date, Defendant's April 26, 2011 filing of the Notice fell within the 30-day removal period and was therefore timely.

Inasmuch as Defendant complied with § 1446(b), whether or not Defendant could have been subject to default in state court is irrelevant to the propriety and timeliness of removal. The fact remains that the state court did not enter default against Defendant prior to removal.[8]

---

[8] Even if the state court entered default, Defendant was not precluded from removing the action to this Court. A federal court must take a case as it finds it upon removal. Edna H. Pagel, Inc. v. Teamsters Local Union 595, 667 F.2d 1275, 1278 (9th Cir. 1982). Thus, if default was entered in state court, it would remain in effect in federal court. Cf. id. (explaining that if default judgment were entered in state court prior to removal, that the defaulting party would be required to move to set aside default judgment in federal court).

II. <u>The Procedural Deficiencies Identified by Plaintiff do not Require Remand</u>

    A.   <u>Failure to File Corporate Disclosure Statement</u>

Relying on Federal Rule of Civil Procedure ("FRCP") 7.1,[9] Plaintiff asserts that Defendant's failure to attach its Corporate Disclosure Statement is grounds for the immediate dismissal of the Notice.

---

[9] FRCP 7.1 provides:

> (a) Who Must File; Contents. A nongovernmental corporate party must file two copies of a disclosure statement that:
>
> > (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
>
> > (2) states that there is no such corporation.
>
> (b) Time to File; Supplemental Filing. A party must:
>
> > (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
>
> > (2) promptly file a supplemental statement if any required information changes.

Fed. R. Civ. P. 7.1.

This argument is without merit.

Section 1446(a) requires that a defendant file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Here, the Notice alerted Plaintiff to the removal, and stated that federal question jurisdiction was the grounds for removal. Defendant's failure to file its Corporate Disclosure Statement with the Notice does not render the Notice fatally defective because Plaintiff was not prejudiced by the failure. <u>Clena Investments, Inc. v. XL Specialty Ins. Co.</u>, No. 10-62028-Civ., 2011 WL 1467216, at *2 (S.D. Fla. Apr. 18, 2011); <u>Scheibler v. Highmark Blue Shield</u>, 243 F.App'x 691, 694 (3d Cir. 2007). Corporate Disclosure Statements "are intended to provide judges with information to determine if any financial interests require the judge to disqualify him

or herself from the case." Scheibler, 243 F.App'x at 694. The statements have no bearing on the issue of jurisdiction or removal. Gosnell v. Interstate Dist. Co., No. 09-030, 2009 WL 1346051, at *1 (E.D. Tenn. May 11, 2009) (noting there is no relationship between removal and corporate disclosure statement); Inglis v. D.R. Horton, Inc., No. 08-1825, 2008 WL 4997611, at *1 (S.D. Cal. Nov. 24, 2008) (stating that failure to file disclosure statement with notice of removal is immaterial).

    B.   Failure to Include State Court Record with the Notice of Removal

Plaintiff additionally takes issue with Defendant's failure to submit the entire state court record with the Notice. Defendant was not required to submit the entire state court record. Section 1446(a) only requires that Defendant include, with its Notice, a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a) (emphasis added). Defendant represents that it filed the Complaint, the Lis

Pendens, and Plaintiff's Return and Proof of Service with the Notice.  Defendant did not include Plaintiff's Request for Entry of Default because it had not been served with the document prior to removal.  Attached to the Notice is Plaintiff's Complaint and the Return and Proof of Service.  Notice, Exs. 1-2.  It appears that Defendant neglected to attach the Lis Pendens to the Notice.  However, a Lis Pendens is not process, a pleading, or an order.  Even if the Lis Pendens constitutes one of the documents that must be included with the Notice pursuant to § 1446(a), Defendant's failure to attach the Lis Pendens does not require remand because said failure is not a jurisdictional defect, and it is one that may be remedied by supplementation.  <u>Smith v. Bank of America, N.A.</u>, No. 1:11-cv-00141 OWW SMS, 2011 WL 1332035, at *3  (E.D. Cal. Apr. 6, 2011) (citing <u>Dri Mark Prod., Inc. v. Meyercord Co.</u>, 194 F. Supp. 536, 539 (S.D.N.Y. 1961)).

In sum, Defendant properly removed this case from state court because federal question jurisdiction

exists and the Court may exercise supplemental jurisdiction over Plaintiff's state law claims. Moreover, Defendant's Notice was timely filed within the 30-day removal period set forth in 28 U.S.C. § 1446(b).  Finally, the Notice is not fatally defective merely because Defendant did not attach its Corporate Disclosure Statement and the Lis Pendens filed by Plaintiff in state court.  Plaintiff is not prejudiced by these failures.

## CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion to Remand to State Court, filed May 18, 2011.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 10, 2011.



    Kevin S.C. Chang
    United States Magistrate Judge

CV 11-00277 DAE-KSC; RUSSELL V. BAC HOME LOANS SERVICING, LP;
FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND
TO STATE COURT