IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ALEXA NITA RUSSELL, | ) | CV. NO. 11-00277 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BAC HOME LOANS SERVICING, | ) | |
| L.P., a Texas Limited Partnership; | ) | |
| and JOHN and MARY DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

On September 19, 2011, the Court heard Defendant's Motion to

Dismiss Plaintiff's Complaint. Plaintiff Alexa Nita Russell appeared pro se on

behalf of herself; Andrew J. Lautenbach, Esq., appeared at the hearing on behalf of

Defendant BAC Home Loans Servicing, L.P. After reviewing the motion and the

supporting and opposing memoranda, the Court **GRANTS** Defendant's Motion to

Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

BACKGROUND

On November 2, 2007, Plaintiff Alexa Nita Russell executed a promissory note ("Note") that was secured by a mortgage agreement ("Mortgage") between "Borrower[s]" Alexa Nita Russell and Richard Stanley Henderson and "Lender" Countrywide Bank, FSB ("Countrywide Bank"). ("Compl.," Doc. # 1-2, Exs. I, VI.) The Mortgage, which relates to the real property located at 52-170 Makapala Road, Kapaau, Hawaii 96755 ("Subject Property"), was recorded in the Bureau of Conveyances on November 8, 2007, as Document No. 2007-196776. (Id. at Ex. I.)

On March 23, 2009, Mortgage Electronic Registration Systems, Inc., acting as a nominee for Countrywide Bank, executed an Assignment of Mortgage that transferred "all of its rights, title and interest" in the mortgage to Countrywide Home Loans Servicing LP.[1] (Id. at Ex. II.) On January 28, 2011, BAC Home Loans, now a mortgagee on the mortgage, recorded a Notice of Mortgagee's Intention to Foreclose Under Power of Sale. (Id. at Ex. III.)

On March 28, 2011, Plaintiff commenced the instant action against BAC Home Loans in the Third Circuit Court, State of Hawaii. (Doc. # 1-2.) BAC

---

[1]Countrywide Home Loans has since gone through a name change and is now BAC Home Loans. (Doc. # 16.)

Home Loans removed the action to this Court on April 26, 2011. (Doc. # 1.) In her Complaint, Plaintiff appears to allege that non-judicial foreclosure of the Subject Property is improper because the Note was not properly executed. ("Compl. at 4–5.) Plaintiff requests that this Court enjoin the foreclosure proceedings, order Defendant to stop collecting on the "invalid, null and void debt" from Plaintiff, and award Plaintiff "statutory, general and punitive damages." (Id. at 5.)

On May 11, 2011, Defendant filed the instant Motion to Dismiss. (Doc. # 15.) On August 3, 2011, Plaintiff filed her Opposition.[2] (Doc. # 42.) On

_____

[2]On May 18, 2011, Plaintiff filed a "Motion in Opposition" to the instant motion, wherein Plaintiff requested that this case be remanded to State Court. (Doc. # 20.) Subsequently, on August 3, 2011, Plaintiff filed an "Opposition to Defendant's Motion to Dismiss." (Doc. # 42.) The Court construed the former document as a Motion to Remand and the latter as Plaintiff's Opposition to the instant motion. See Order Adopting Magistrate Judge's Findings and Recommendation to Deny Plaintiff's Motion to Remand to State Court (Doc. # 49.) Additionally, the Court observes that although the Opposition was due on or before August 1, 2011 (Doc. # 23), Plaintiff did not file the latter Opposition until August 3, 2011. See Local Rule 7.4 ("Any opposition or reply that is untimely filed may be disregarded by the court or stricken from the record."). Despite its untimeliness, the Court in its discretion will consider Plaintiff's Opposition, particularly because Plaintiff is proceeding pro se. However, the Court will not accept late filings from Plaintiff in the future.

August 8, 2011, Defendant filed its Reply.[3]  (Doc. # 45.)  A hearing on the Motion

to Dismiss was held on September 19, 2011.[4]

## STANDARD OF REVIEW

I.      Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted.  Review is limited to the contents of the

complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.

1994).  A complaint may be dismissed as a matter of law for one of two reasons:

"(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable

legal claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.

---

[3]On September 7, 2011, Plaintiff filed a Statement of Non Receipt of Filings, Service, and Documents, wherein she claims that she was never sent a copy of Defendant's Reply.  (Doc. # 50.)  In response, Defendant submitted evidence indicating that Plaintiff had been served with the Reply.  (Doc. # 52-1.)  The Court concludes that it need not address this issue in light of its ruling dismissing Plaintiff's Complaint without prejudice.

[4]On the day of the hearing, Plaintiff filed a Demand for Evidentiary Hearing and a Statement of Appearance with Exhibits.  (Docs. ## 55, 56.)  Defense counsel objected to those filings at the hearing on the ground that they were not timely filed.  The Court denies as moot Plaintiff's request for an evidentiary hearing. Further, to the extent that Plaintiff raises new arguments in her Statement of Appearance, the Court concludes it need not address them in light of its ruling dismissing Plaintiff.

1984) (citation omitted).  Allegations of fact in the complaint must be taken as true

and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd.

v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6)

motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In providing grounds for relief, however, a plaintiff must do more than recite the

formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v.

Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations

without more are insufficient to defeat a motion to dismiss for failure to state a

claim.") (citation omitted).  "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and

courts "are not bound to accept as true a legal conclusion couched as a factual

allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations

and citations omitted).  Thus, "bare assertions amounting to nothing more than a

formulaic recitation of the elements" of a claim "are not entitled to an assumption

of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he

non-conclusory 'factual content,' and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal

quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect" (internal quotations and citations omitted)).

II.    Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8.  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir.

6

1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a complaint may be dismissed for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84

F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

III.    Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular

misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

(1974) <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

<u>DISCUSSION</u>

Defendant contends that Plaintiff's Complaint is vague, conclusory,

and unsupported by factual allegations and therefore should be dismissed pursuant

to Rule 12(b)(6) for failure to comply with the pleading requirements set forth in

Rules 8 and 9(b). (Doc. # 15.) This Court agrees.

Plaintiff's five-page Complaint is confusing and largely comprised of

conclusory allegations. Plaintiff does not identify in any organized manner the

separate causes of action that she is asserting, nor does she provide specific factual

allegations to substantiate her claims. Plaintiff also uses the terms "note,"

"mortgage instrument," and "security instrument" interchangeably throughout the

Complaint, and conflates her arguments regarding the Note and the Mortgage.

(Compl. at 2–4.) For example, Plaintiff alleges the following:

> There is no security instrument upon which to collect since the alleged
> instrument was not recorded, thus it is invalid and unenforceable, due
> to the fact it was not legally signed by a party to be bound, nor
> acknowledged or entitled to be recorded by BAC in the state of
> Hawaii [Bureau of Conveyances].

(Compl. at 4.) It is unclear whether Plaintiff is referring to the Note, the Mortgage,

or both. Further, Plaintiff does specify which, if any, document is alleged to have

not been properly "recorded," "signed," "acknowledged" or "entitled to be

recorded." This statement is precisely the sort of confusing and ambiguous

allegation that cannot satisfy Rule 8. See Simmons, 49 F.3d at 86 (stating that

dismissal is appropriate where the complaint is so confused, ambiguous, or

unintelligible that its true substance is well-disguised). Indeed, this type of

allegation cannot be said to provide Defendant fair notice of the wrongs it has

allegedly committed. See McHenry, 84 F.3d at 1178–80.

Additionally, Plaintiff alleges violations of various federal and state

laws without sufficient explanation as to how those laws are relevant to the facts

and circumstances of this case. For instance, Plaintiff recites Section 502-41 of the

Hawaii Revised Statutes, which addresses the notary requirements for recorded

documents. Plaintiff goes on to argue that the Note does not comply with that

statute "[b]ecause it is not properly signed therefore void, and is unenforceable as

there is no underlying security by which to enforce and collect alleged debt as

claimed by the BAC." Plaintiff does not provide any underlying facts or

allegations to support these bald assertions. See Iqbal, 129 S. Ct. at 1949 (finding

a "pleading that offers labels and conclusions or a formulaic recitation of the

elements of a cause of action will not do"); see also McGlinchy, 845 F.2d at 810

("[C]onclusory allegations without more are insufficient to defeat a motion to

11

dismiss for failure to state a claim." (citation omitted)).  Moreover, it is not clear to

the Court how this relates to the notary requirement set forth in section 502-41.  In

short, even applying the most liberal of pleading standards, the Court cannot glean

from the Complaint of what conduct Plaintiff specifically complains.

Additionally, to the extent that Plaintiff asserts a fraud claim, the

Court finds that her allegations are insufficient to satisfy the more rigorous

pleading requirements of Rule 9 that apply to allegations of fraud or mistake.  See

F. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances

constituting fraud or mistake).  In her Prayer for Relief, Plaintiff asserts that BAC's

"intended 'under power of sale' . . . constitutes fraud."  However, Plaintiff does not

so much as identify the allegedly fraudulent conduct, let alone describe such

conduct with the particularity required by Rule 9.  See Kearns, 567 F.3d at 1120

("Averments of fraud must be accompanied by the who, what, when, where, and

how of the misconduct charged." (citation omitted)).

Accordingly, and for the reasons set forth above, this Court concludes

that the allegations in Plaintiff's Complaint are insufficient to satisfy the pleading

standards set forth in  Rules 8 and 9(b).

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend]

when justice so requires."  Further, "requests for leave should be granted with

12

extreme liberality." Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir.

2009). "Dismissal without leave to amend is improper unless it is clear . . . that the

complaint could not be saved by an amendment." Id. "However, 'liberality in

granting leave to amend is subject to several limitations.'" Cafasso, U.S. ex rel. v.

Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Ascon

Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "Those

limitations include undue prejudice to the opposing party, bad faith by the movant,

futility, and undue delay." Id. (citing Ascon Props, 866 F.2d at 1160). "Further,

'[t]he district court's discretion to deny leave to amend is particularly broad where

plaintiff has previously amended the complaint.'" Id. (quoting Ascon Props, 866

F.2d at 1160).

   The Court recognizes that it may be possible for Plaintiff to state a

claim if provided the opportunity to amend their Complaint. The Complaint is

therefore **DISMISSED WITHOUT PREJUDICE** with leave to amend no later

than forty-five (45) days from the filing of this Order. Failure to do so and to cure

the pleading deficiencies will result in dismissal of this action with prejudice.

Plaintiff is advised that the amended complaint must clearly identify the specific

causes of action alleged and describe the factual allegations upon which those

causes of action are based. In granting leave to amend, the Court does not here

13

limit Plaintiff's amended pleading only to the causes of action presently contained

in the Complaint—Plaintiff may allege new theories of liability if she so chooses.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's

Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's

Complaint.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 21, 2011.

_____
David Alan Ezra
United States District Judge

Russell v. BAC Home Loans Servicing, LP, et al., CV No. 11-00277; ORDER: (1)
GRANTING DEFENDANT'S MOTION TO DISMISS AND (2) DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE