IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ALEXA NITA RUSSELL, ) | CV. NO. 11-00277 DAE-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BAC HOME LOANS SERVICING, ) | |
| L.P., a Texas Limited Partnership; ) | |
| and JOHN and MARY DOES 1-100, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS; (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; AND (3) <u>VACATING THE HEARING</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.[1]  After considering the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

---

[1] On January 26, 2012, the Court granted <u>pro se</u> Plaintiff's motion to attend by telephone the hearing on the instant Motion to Dismiss.  However, in considering the matter before the Court, the Court determines that a hearing is not necessary.

BACKGROUND

On November 2, 2007, Plaintiff Alexa Nita Russell executed a promissory note ("Note") as "Attorney-in-Fact" for Richard Stanley Henderson ("Henderson").[2]  ("FAC," Doc. # 62, Ex. A.)  The Note was secured by a mortgage agreement ("Mortgage") between "Borrower[s]" Plaintiff and Henderson and "Lender" Countrywide Bank, FSB ("Countrywide Bank").  (FAC, Ex. B.)  The Mortgage, which relates to the real property located at 52-170 Makapala Road, Kapaau, Hawaii 96755 ("Subject Property"), was recorded in the Bureau of Conveyances on November 8, 2007, as Document No. 2007-196776.  (Id.) Plaintiff and Henderson are identified as "Borrower[s]" and "Joint Tenants" under the Mortgage.  (Id.)  Mortgage Electronic Registration Systems, Inc. ("MERS") is identified in the Mortgage as the "nominee for Lender and Lender's successors and assigns," and as the "mortgagee under this Security Instrument."  (Id.)

---

[2] Plaintiff attached as exhibits to her Amended Complaint a copy of the subject Mortgage, Note, Assignment of Mortgage, Notice of Mortgagee's Intention to Foreclose Under Power of Sale, and Notice of Rescission of Mortgagee's Intention to Foreclose Under Power of Sale.  "When ruling on a motion to dismiss, [courts] may 'generally consider [ ] allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'"  Colony Cove Properties, LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011) (quoting Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007)).  Accordingly, it is appropriate for the Court to consider these documents when ruling on the Motion to Dismiss.

On March 23, 2009, Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as a nominee for Countrywide Bank, executed an Assignment of Mortgage that transferred "all of its rights, title and interest" in the mortgage to Countrywide Home Loans Servicing LP.[3] (Id., Ex. G.) On January 28, 2011, BAC Home Loans recorded a Notice of Mortgagee's Intention to Foreclose Under Power of Sale. (Id.) On July 26, 2011, Bank of America, N.A., recorded a Notice of Rescission of Mortgagee's Intention to Foreclose Under Power of Sale. (Id., Ex. H.)

On March 28, 2011, Plaintiff filed a complaint against BAC Home Loans ("Defendant" or "BAC") in the Third Circuit Court, State of Hawaii. (Doc. # 1-2.) Defendant removed the action to this Court on April 26, 2011. (Doc. # 1.) On May 11, 2011, Defendant filed a Motion to Dismiss. (Doc. # 15.) On September 21, 2011, the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's complaint without prejudice on the ground that "the allegations in Plaintiff's Complaint are insufficient to satisfy the pleading standards set forth in [Rules of Civil Procedure] 8 and 9(b)." (Doc. # 58 at 12–14.) The Court granted Plaintiff leave to amend. (Id. at 13.)

---

[3] Countrywide Home Loans has since gone through a name change and is now BAC Home Loans. (Doc. # 16.)

On November 3, 2011, Plaintiff filed an Amended Complaint ("FAC"). ("FAC", Doc. # 62.) In her FAC, Plaintiff alleges that she did not sign the Note as a party to be bound, making the Note and the Mortgage unenforceable. (Id. at 2–3.) Plaintiff also "challenges Defendant['s] standing as Note owner, a Mortgage holder and a holder in due course." (Id. at 3.) Plaintiff requests that this Court order Defendant to "release any and all liens that it and any of its assigns and assignees may have against the Plaintiff's home and property," and order Defendant to "remove its creditor status [and] remove any derogatory reporting that Defendant BAC has placed on Plaintiff's credit report[.] (Id. at 25.) Plaintiff also asks the Court to enjoin any foreclosure proceedings "so that Plaintiff may keep her home and property free and clear," and award Plaintiff "General, Statutory, Monetary, and Punitive damages." (Id.)

On November 17, 2011, Defendant filed the instant Motion to Dismiss. (Doc. # 67.) Plaintiff has not filed an opposition to the Motion.

STANDARD OF REVIEW

I.   Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the

4

complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption

of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect" (internal quotations and citations omitted)).

II.   Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint

that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a complaint may be dismissed for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84 F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

III.   Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants).  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state

a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

DISCUSSION

I.   Pleading Deficiencies

Defendant argues that Plaintiff's FAC suffers from pleading deficiencies and thus should be dismissed. The Court agrees.

Plaintiff's FAC, although substantially lengthened from her original Complaint, remains confusing. Although the Complaint references various statutes, it does not clearly identify specific counts or causes of action that Plaintiff is asserting nor does it appear to describe even the bare elements of legal claims. The Complaint contains repetitive arguments and allegations. The Complaint also fails to "state . . . claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Proc. 10(b). To be sure, it is not the responsibility of the Court to sort through pages of allegations and quotations of statutes and case law to discern–much less speculate–what specific claims and legal theories Plaintiff asserts. To further confuse matters, Plaintiff also

continues to use the terms "note," "mortgage instrument," and "security instrument" interchangeably throughout the Complaint. For example, Plaintiff alleges the following:

> There is no security instrument upon which to collect since the alleged instrument was not recorded in the [Bureau of Conveyances], thus it is incomplete, invalid and unenforceable, due to the fact it was not legally signed by an obligor or a party to be bound, nor acknowledged or entitled to be recorded by BAC in the State of Hawaii [Bureau of Conveyances].

(FAC at 12.) The Complaint is also peppered with conclusory and confusing statements. For example, Plaintiff states that "Defendant could have possible rights to collect an alleged debt as a debt collector, however, in this instant case, not as a holder in due course, but not by securitizing any alleged debt by foreclosing on Plaintiffs [sic] home and property." (FAC at 11.) It is unclear to the Court what Plaintiff means by this statement. In another part of the Complaint, Plaintiff states that Defendant cannot claim to be a holder in due course because it had "full knowledge of the defects of the note and the condition of the subject home and property from the beginning of the contract at issue." (FAC at 15.) Aside from this statement being conclusory, Plaintiff does not explain the "condition of the subject home" or make clear which "contract" is at issue.

Plaintiff also appears to misconstrue certain laws cited in the Complaint. For example, Plaintiff alleges that Defendant "lacks authority to foreclose as it is not a holder in due course pursuant to H.R.S. § 502-83 and never recorded the mortgage in its own name as required by Hawaii State Law." (FAC at 15.) Failure to record a conveyance is relevant only with respect to subsequent bona fide purchasers, lessees or mortgagees. See Haw. Rev. Stat. § 502-83 (providing that unrecorded conveyances are "void as against any subsequent purchaser, lessee, or mortgagee, in good faith and for a valuable consideration, not having actual notice of the conveyance of the same real estate, any portion thereof, or interest therein, whose conveyance is first duly recorded"). As Plaintiff is not a subsequent bona fide purchaser, the statute she cites is inapplicable.

The Court also cautions Plaintiff that to the extent that she may be alleging fraud or claims that sound in fraud, Plaintiff must plead such claims with particularity as required by Rule 9(b). In order to sufficiently plead a fraud claim, the plaintiffs "must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010) (citation omitted).

Accordingly, and for the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss.[4]

II.     Leave to Amend

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." Further, "requests for leave should be granted with extreme liberality." Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment." Id. "However, 'liberality in granting leave to amend is subject to several limitations.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Id. (citing Ascon Props, 866 F.2d at 1160). "Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" Id. (quoting Ascon Props, 866 F.2d at 1160).

---

[4] Because the Court is dismissing the FAC, the Court need not address Defendant's alternative arguments to dismiss.

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend her Complaint. The Complaint is therefore **DISMISSED WITHOUT PREJUDICE** with leave to amend no later than thirty (30) days from the filing of this Order. The Court notes that this is Plaintiff's final opportunity to amend her complaint. Plaintiff is again advised that the amended complaint must clearly identify the specific causes of action alleged and describe the factual allegations upon which those causes of action are based. Failure to amend and to follow the dictates of this Order will result in dismissal of this action <u>with prejudice</u>.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. The hearing on this matter is hereby **VACATED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 16, 2012.



_____
David Alan Ezra
United States District Judge

<u>Russell v. BAC Home Loans Servicing, LP, et al.</u>, CV No. 11-00277; ORDER:  (1) GRANTING DEFENDANT'S MOTION TO DISMISS; (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; AND (3) VACATING THE HEARING